# MINUTE ORDER

CASE NUMBER:       CIVIL NO. 21-00503 LEK-RT

CASE NAME:         Hawaii County vs. McKinsey & Company, Inc.

JUDGE:     Leslie E. Kobayashi     DATE:     12/29/2021

COURT ACTION: EO: COURT ORDER: GRANTING DEFENDANT'S MOTION TO STAY; AND DIRECTING THE PARTIES TO FILE A LETTER BRIEF BY FEBRUARY 4, 2022 REGARDING STATUS OF TRANSFER

    On December 21, 2021 Defendant McKinsey & Company, Inc. ("McKinsey") filed its Notice of Removal of State Court Civil Action. [Dkt. no. 1.] On December 22, 2021, McKinsey filed its Unopposed Motion for Stay of Proceedings and Extension of Time to Respond to Complaint ("Motion to Stay"). [Dkt. no. 4.] The Motion to Stay states that, on March 5, 2021, before the United States Judicial Panel on Multidistrict Litigation ("JPML"), McKinsey filed a Motion to Transfer, which requested that the JPML consolidate for pretrial purposes all related actions against McKinsey. [Id. at ¶ 4.] On June 7, 2021, the JPML issued a Transfer Order "creating the new [multidistrict litigation ('MDL')] in the Northern District of California before Judge Charles R. Breyer." [Id. at ¶ 5.]

    McKinsey seeks a stay of the present action because it "plans to notify the JPML of this Action and expects the JPML will soon issue a Conditional Transfer Order ('CTO') including this Action on its schedule of actions to be transferred" to the United States District Court for the Northern District of California ("MDL Court"). [Id. at ¶ 6.] Plaintiff Hawaii County ("the County") does not oppose the Motion to Stay. [Id., Exh. B (email messages dated 12/21/21 between the County's counsel and McKinsey's counsel) at PageID #: 107.]

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

        In the context of a motion to stay pending a motion to consolidate cases before the JPML, district courts consider the following factors: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) hardship and inequity to the moving party if the action is not

stayed; and (3) potential prejudice to the non-moving party.

Segovia v. Bristol-Myers Squibb Co., CV. NO. 15-00519 DKW-RLP, 2016 WL 7007482, at *2 (D. Hawai`i Nov. 30, 2016) (citations omitted).

      The Court finds that all three factors weigh in favor of staying the proceedings in this current action until the JPML rules on whether the action will be transferred.  First, a stay "would avoid the needless duplication of work and the possibility of inconsistent rulings."  See id. (citation omitted).  Second, the denial of a stay would impose some hardship and inequity upon McKinsey because it would need to litigate numerous actions filed against it "relating to consulting work McKinsey performed for Purdue Pharma, L.P., the manufacturer of OxyContin[.]"  [Motion to Stay at ¶ 3.]  Third, the County does not oppose the Motion to Stay and has not identified any prejudice that it will suffer if the current action is stayed.  The Motion to Stay is therefore GRANTED.

      The parties are DIRECTED to file a letter brief by **February 4, 2022** regarding the status of the transfer of this action to the MDL Court.

      IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager